UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOGARIN,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>SHAWN HATTON,<br><br>　　　　　　　　　Respondent. | Case No.: 16cv2793-BTM (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[ECF No. 10]** |

This Report and Recommendation is submitted to United States District Judge Barry Ted Moskowitz pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. On October 30, 2016, Anthony Bogarin ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254 by constructively filing his Petition. ECF No. 1 ("Pet."). On November 30, 2016, the Court advised Petitioner that his petition could be dismissed unless he provides the Court with the $5 filing fee or files a motion to proceed *in forma pauperis*. ECF No. 3. On December 22, 2016, Petitioner filed a motion to proceed *in formal pauperis* [ECF No. 5], and on January 6, 2017, the Court granted Petitioner's motion [ECF No. 6]. Petitioner challenges his conviction for attempted burglary in the first degree. Pet. at 1-2. On January 12, 2017, the Court reopened the case and issued a briefing

1

schedule requiring Respondent to file a motion to dismiss by March 20, 2017, and Petitioner to file an opposition by April 19, 2017. ECF No. 7. Respondent filed a motion to dismiss on March 17, 2017. ECF No. 10-1 ("MTD"). After the Court granted Petitioner an extension of time to file his opposition to Respondent's motion to dismiss, Petitioner timely filed his opposition Nunc Pro Tunc on June 2, 2017. ECF No. 15 ("Oppo."); see ECF Nos. 12, 13. Currently before the Court is Respondent's Motion to Dismiss for lack of exhaustion [MTD] and Petitioner's opposition [Oppo.]. For the reasons set forth below, the Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 31, 2014, a jury convicted Petitioner of attempted burglary in the first degree. See Lodgment 4 at 170; Lodgment 1-3 at 240. The trial court found true that Petitioner had two prison priors, two serious felony priors, and four prior strike convictions. Lodgment 4 at 174. On January 16, 2015, Petitioner was sentenced to twenty-five years to life, plus ten years. See id. at 4 at 170; Lodgment 1-3 at 260-61.

On January 23, 2015, Petitioner filed a notice of appeal to the California Court of Appeal. Lodgment No. 4 at 186. Petitioner alleged: (1) there was insufficient evidence to support his attempted burglary conviction, (2) the trial court erred in admitting evidence of Petitioner's two prior burglary convictions because he conceded intent, and (3) the abstract of judgment must be corrected to accurately reflect the Court's order at sentencing regarding custody credits. Lodgment No. 5 at 6, 12, 23. On March 29, 2016, the Court of Appeal for the Fourth Appellate District, Division One, affirmed the judgment and ordered the court clerk to correct the trial court's abstract of judgment to show an award of 274 days of actual credits. Lodgment No. 8 at 18.

On May 2, 2016, Petitioner filed a Petition for Review in the California Supreme Court, contending that: (1) there was insufficient evidence to support his attempted burglary conviction, and (2) the trial court erred in admitting evidence of Petitioner's two prior burglary convictions because he conceded intent. Lodgment No. 9 at 2, 5; see also Lodgment No. 10.

On June 8, 2016, the California Supreme Court summarily denied the petition without comment or citation to authority. Lodgment No. 10. Petitioner did not file a petition for certiorari in the United States Supreme Court and did not file state habeas corpus petitions in any California state court. Pet. at 3-5.

On October 30, 2016, Petitioner constructively filed a federal habeas petition in this Court. Id. He raises four claims in the instant petition: (1) the trial court violated his right to jury trial by imposing an upper term sentence based on facts that were not found by the jury, (2) the use of Petitioner's prior plea agreements as prior strike convictions violated the terms set forth in those plea agreements, constituting a breach of contract, (3) the trial court committed constitutional error by imposing a sentence that exceeded the maximum sentence based on the jury verdict facts, and (4) the trial court's sentence violated Petitioner's plea agreements for prior offenses. Id. at 6-25.

## SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (2006 & Supp. 2016).

## DISCUSSION

Respondent contends that the Petition should be dismissed because all the claims are unexhausted. MTD at 4. Petitioner states that his claims are exhausted and argues at length about a multitude of errors committed during the state court proceedings. Oppo. at 4, 4-12.

A federal court may not consider a petition for habeas corpus unless the petitioner has first presented his claims to the state courts, thereby "exhausting" them. 28 U.S.C. §2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 522 (1982). The exhaustion requirement is founded on federal-state comity, as only when the state court has been presented with the claim

may it "pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quotation marks and citations omitted). Thus, exhaustion of a habeas petitioner's federal claims requires that they have been "fairly present[ed]" in each appropriate state court, including a state supreme court with powers of discretionary review. Baldwin v. Reese, 541 U.S. 27, 29 (2004). In California, this generally entails direct or collateral presentation to both the lower courts of appeal and the state supreme court, though presentation to the state supreme court alone may suffice. Reiger v. Christensen, 789 F.2d 1425, 1427 (9th Cir. 1986); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Claims are not exhausted by mere presentation to the state appellate system. A petitioner must also "alert [] [the state] court to the federal nature of the claim." Baldwin, 541 U.S. at 29. A petitioner may indicate a federal claim by citing the source of federal law upon which he relies, or by merely labeling the claim as "federal." Id. at 32. Where none of a petitioner's claims have been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner appealed his conviction to both the California Court of Appeal and California Supreme Court. See Docket; see also Lodgments 5, 9. As previously discussed, Petitioner raised the following two claims before the California Court of Appeal and the California Supreme Court: (1) there was insufficient evidence to support his attempted burglary conviction, and (2) the trial court erred in admitting evidence of Petitioner's two prior burglary convictions because he conceded intent. Lodgment No. 5 at 6, 12; Lodgment No. 9 at 2, 5. Petitioner raised one additional claim before the California Court of Appeal: the abstract of judgment must be corrected to accurately reflect the Court's order at sentencing regarding custody credits. Lodgment No. 5 at 23. Petitioner did not file a petition for writ of habeas corpus before the California Supreme Court (or any other state court) so the only exhausted claims are the two presented during the direct appeal.

The instant Petition raises the following claims: (1) the trial court violated his right to a

4

jury trial by imposing an upper term sentence based on facts that were not found by the jury, (2) the use of Petitioner's prior plea agreements as prior strike convictions violated the terms set forth in those plea agreements, constituting a breach of contract, (3) the trial court committed constitutional error by imposing a sentence that exceeded the maximum sentence based on the jury verdict facts, and (4) the trial court's sentence violated Petitioner's plea agreements for prior offenses. Id. at 6-25. Because none of these claims were presented to the California Supreme Court as required by the exhaustion doctrine, they are not exhausted and this Court must dismiss the complaint.[1] See Rose v. Lundy, 455 U.S. at 521-22; Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc).

Accordingly, the Court **RECOMMENDS** that Respondent's motion be **GRANTED** on the ground that the entire Petition is unexhausted and that the Petition for Writ of Habeas Corpus be **DISMISSED** without prejudice. Petitioner must present his claims to the California Supreme Court before filing a Petition for Writ of Habeas Corpus in this Court.

## **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation, (2) finding that the entire Petition is unexhausted, and (3) directing that Judgment be entered **GRANTING** Respondent's Motion to Dismiss without prejudice.

---

[1] Respondent raises the question of the timeliness of any subsequent petition for writ of habeas corpus filed by Petitioner and the possibility of procedural default. MTD at 6. Timeliness and procedural default issues have not been properly presented to this Court and the Court finds it inappropriate to address them at this time. Moreover, the Court notes that Petitioner's conviction did not become final until September 6, 2016 (90 days after the California Supreme Court denied his petition for direct review) so a California state court, which does not use a fixed statutory filing deadline but rather employs a reasonableness standard, may find a petition for writ of habeas corpus timely. See Walker v. Martin, 562 U.S. 307, 310 (2011); Carey v. Saffold, 536 U.S. 214, 222 (2002); see also Curiel v. Miller, 830 F.3d 864, 879 n.5 (9th Cir. July 25, 2016) (Bybee, J. concurring) (opining that the petitioner's state habeas petition, filed six years later, might be timely "because who knows what California's 'within a "reasonable time"' standard for timely filing means? We sure don't.") (citations omitted).

**IT IS ORDERED** that no later than **August 11, 2017**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 1, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: 7/10/2017

Hon. Barbara L. Major
United States Magistrate Judge