# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOGARIN,<br><br>        Petitioner,<br><br>v.<br><br>S. HATTON, Warden,<br><br>        Respondent. | Case No. 16cv2793-BTM (BLM)<br><br>**ORDER:**<br><br>**(1) DECLINING TO ADOPT THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**<br><br>**(2) DENYING MOTION TO DISMISS;**<br><br>**(3) GRANTING MOTION FOR STAY AND ABEYANCE; and**<br><br>**(4) STAYING ACTION** |

  Petitioner is a state prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (ECF No. 1.) A jury found him guilty of attempted burglary of an inhabited dwelling, the sole count in the Information. (ECF No. 11-6 at 220.) The Information also alleged he was convicted of robbery in 2004 and residential burglary in 2007, both of which constituted "strikes" under California's Three Strikes law. (ECF No. 11-6 at 20-21.) Although Petitioner waived his right to a jury trial on prior conviction allegations, and the jury was not asked to make any findings regarding them, limited evidence of those convictions was admitted at trial on the

1

issue of intent. (ECF No. 11-2 at 78-89.) In a bifurcated proceeding the trial judge found the prior conviction allegations had been proven true beyond a reasonable doubt, and sentenced Petitioner to twenty-five years to life in prison plus ten years. (ECF No. 11-3 at 76-90.) Petitioner unsuccessfully appealed his conviction, arguing that his Fourteenth Amendment right to due process was violated because there was insufficient evidence of attempted burglary, and because evidence of the prior convictions was irrelevant as the defense conceded intent. (ECF No. 11-11 at 6-18; ECF No. 11-7 at 10-26.)

Petitioner alleges in claim one here that his Sixth Amendment right to due process was violated because there is insufficient evidence to support the attempted burglary conviction, and because his sentence of essentially life without parole was imposed based on facts which were not found by a jury beyond a reasonable doubt as required by <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) (holding that other than the fact of a prior conviction, any fact used to increase a sentence above the statutory maximum must be found by a jury beyond a reasonable doubt), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) (holding that the statutory maximum for <u>Apprendi</u> purposes is the maximum sentence permitted to be imposed solely by the jury verdict or a defendant's admission), and <u>Cunningham v. California</u>, 549 U.S. 270 (2007) (holding that California's sentencing law violated the right to a jury trial to the extent it permits a judge to impose an upper term sentence in the absence of an aggravating factor established by the jury's verdict, a defendant's admission, or a prior conviction). (ECF No. 1 at 6-10.) He alleges in claim two that his Eighth and Fourteenth Amendment rights to due process were violated because the use of his prior convictions violated the plea agreements in those cases. (ECF No. 1 at 11-14.) He alleges in claim three that his Sixth and Fourteenth Amendment rights were violated because his sentence is not based on his culpability in the attempted burglary count, but on the prior convictions. (ECF No. 1 at 15-20.) Finally, he alleges in claim four that the use of the prior convictions violated Ex Post Facto principles. (ECF No. 1 at 21-25.)

Respondent has filed a Motion to Dismiss the Petition. (ECF No. 10.) Respondent contends that because none of the claims presented in the Petition were presented on direct

appeal, and Petitioner has not filed a state habeas petition, he has failed to exhaust state court remedies as to his claims, which in turn renders them procedurally defaulted in this Court. (Id. at 4-6.) Respondent seeks dismissal with prejudice on the grounds that Petitioner is unable to demonstrate cause and prejudice, or a fundamental miscarriage of justice, sufficient to excuse the default. (Id. at 6.)

Presently before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Barbara L. Major which recommends granting Respondent's Motion to Dismiss. (ECF No. 17.) The Magistrate Judge found that Petitioner has not exhausted state court remedies as to any claim presented in the Petition because he has presented none of the claims to any state court. (R&R at 4-5.) The Magistrate Judge also found that Respondent's procedural default argument was not properly before the Court because Petitioner's direct appeal became final on September 6, 2016, and it was unclear whether Petitioner could still return to state court to timely exhaust his claims through habeas. (R&R at 3-5.) The Magistrate Judge recommended granting Respondent's Motion to Dismiss on exhaustion grounds, and dismissing the Petition without prejudice to Petitioner to filing a new Petition in this Court after he has exhausted his state court remedies. (R&R at 5.)

Petitioner has filed objections to the R&R, along with a Motion for Stay and Abeyance. (ECF No. 20.) Petitioner states that if the Court requires him to return to state court to exhaust, he requests the Court stay this action and hold his Petition in abeyance until he has completed the exhaustion process. (Id. at 1.) He attaches a state habeas petition containing the unexhausted claims raised in his Petition here, which appears to have been constructively filed in the state superior court on August 9, 2017. (Id. at 8-28.)

The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Magistrate Judge found that none of the claims presented in the Petition have been presented to the state court. (R&R at 5.) However, the aspect of claim one alleging insufficient evidence to support the attempted robbery conviction was presented to the state appellate court on direct appeal (Lodgment No. 5 at 6-11 [ECF No. 11-7 at 10-15]), and to the state supreme court in the subsequent petition for review (Lodgment No. 9 at 2-5 [ECF No. 11-11 at 6-9]). It appears clear that Petitioner has never presented his remaining claims to the California Supreme Court, and therefore has not exhausted state court remedies as to those claims. Because the Petition contains both exhausted and unexhausted claims, the Court declines to adopt the Magistrate Judge's finding that all claims are unexhausted.

Because Respondent's Motion to Dismiss is predicated on the erroneous contention that all claims in the Petition are unexhausted, the Court **DENIES** the Motion to Dismiss. The denial is without prejudice to Respondent to raise any procedural arguments at a later stage in this case.

Finally, Petitioner seeks to have this action stayed and the Petition held in abeyance while he completes the exhaustion process, and indicates that he has already begun the process by presenting his unexhausted claims to the superior court in a habeas petition. The Supreme Court has recognized that a petitioner who files a mixed petition and who risks expiration of the one-year statute of limitations while that petition is pending in the district court, such as Petitioner here, is entitled to a determination whether the court should exercise its discretion to stay the petition while the petitioner exhausts state court remedies. Rhines v. Weber, 544 U.S. 269, 275-76 (2005). Petitioner must demonstrate there are arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. Id. at 277-78.

Petitioner has established good cause based on his pro se status in state post-conviction proceedings. Dixon v. Baker, 847 F.3d 714, 720-22 (9th Cir. 2017). It appears Petitioner is proceeding diligently, as he is currently exhausting his state court remedies. In addition, the one-year statute of limitations in this action began to run on September 7, 2016, one

day after expiration of Petitioner's 90-day period to file a petition for a writ of certiorari in the United States Supreme Court following the June 8, 2016, denial of his petition for review by the state supreme court. Bowen v. Roe, 188 F.3d 1157, 1158-60 (9th Cir. 1999); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). There were 29 days left on the limitations period when Petitioner constructively filed his state habeas petition on August 9, 2017.[1] It is premature at this time to make a determination whether Petitioner is entitled to statutory tolling based on a complete round of state habeas petitions, because it is unclear how the state court will treat those petitions. See 28 U.S.C. § 2244(d)(2) ("The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") (italics added); Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.") To the extent Petitioner is entitled to tolling for one complete round of state habeas, he will have 29 days left on the limitations period when and if the state supreme court denies his final habeas petition. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) ("[W]e hold that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."), overruled in part by Carey v. Saffold, 536 U.S. 214, 225-26 (2002) (holding that if a petitioner unreasonably delays filing a habeas petition in a higher California court after a denial in a lower court, he is not entitled to statutory tolling during the gap between those petitions). However, if Petitioner is not entitled to tolling for any reason, and the Court dismisses his Petition now, any later filed federal petition may be untimely. Petitioner would therefore lose his ability to proceed even with the exhausted claim presented in the Petition, which counsels in favor of a stay.

---

[1] Petitioner is entitled to the benefit of the "mailbox" rule which provides that his pro se filings are considered to have been constructively filed as of the date he hands them to prison authorities for mailing to a court. Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000).

Finally, Petitioner must have arguably meritorious claims which he is exhausting, that is, claims which are not "plainly meritless." Rhines, 544 U.S. at 277. Petitioner's unexhausted claims here allege violations of the federal Constitution's Ex Post Facto, Due Process and Contract Clauses arising from the use of his prior convictions to sentence him to essentially life without parole for attempted burglary. With respect to what constitutes a "plainly meritless" claim, the Ninth Circuit has stated:

> A federal habeas petitioner must establish that at least one of his unexhausted claims is not "plainly meritless" in order to obtain a stay under Rhines, 544 U.S. at 277. In determining whether a claim is "plainly meritless," principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless "it is perfectly clear that the petitioner has no hope of prevailing." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." Id. (citing Rose v. Lundy, 455 U.S. 509, 151 (1982)).

Dixon, 847 F.3d at 722.

Because, at least at this time, it is not "perfectly clear that the petitioner has no hope of prevailing" on his unexhausted claims, id., because Petitioner has satisfied the other Rhines requirements, and because it appears the one-year statute of limitations either has not yet expired or could potentially prevent Petitioner from ever having a federal court address his currently exhausted claim if the Court were to dismiss the Petition at this time, the Court **GRANTS** Petitioner's Motion for Stay and Abeyance.

## CONCLUSION AND ORDER

As set forth above, the Court **DECLINES TO ADOPT** the findings and conclusions of the Magistrate Judge, **DENIES** Respondent's Motion to Dismiss without prejudice, and **GRANTS** Petitioner's Motion for Stay and Abeyance. This action is **STAYED**. Petitioner shall notify the Court within thirty (30) days of exhaustion of state court remedies.

DATED: October 27, 2017

                                              BARRY TED MOSKOWITZ
                                              UNITED STATES DISTRICT JUDGE