UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOGARIN,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>S. HATTON, Warden,<br><br>　　　　　　　　　　Respondent. | Case No.: 16cv2793-BTM (BLM)<br><br>**ORDER GRANTING PETITIONER LEAVE TO FILE A FIRST AMENDED PETITION AND SETTING BRIEFING SCHEDULE** |

On November 11, 2016, Petitioner, a state prisoner proceeding pro se and in forma pauperis, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On March 17, 2017, Respondent moved to dismiss the Petition on the ground that Petitioner had not exhausted state court remedies as to any claim. (ECF No. 10.) The Court denied Respondent's motion on October 27, 2017, finding that although the Petition contained a single exhausted claim, Petitioner had not exhausted his remaining claims, and stayed this action while Petitioner returned to state court to exhaust state court remedies. (ECF No. 22.)

On April 5, 2018, Petitioner filed a Notice to Lift Stay, indicating that he had filed a habeas petition at each level of the state court and had been denied relief, and requesting the stay be lifted. (ECF No. 25.) The stay was lifted on July 13, 2018. (ECF No. 23.) The Notice filed by Petitioner has attached to it a copy of his state habeas petition and the

respective state court orders denying it, which indicate that he presented additional claims in his state habeas petition than those alleged in his federal Petition. (Compare ECF No. 22 at 2 (describing claims alleged in the federal Petition) with ECF No. 25 at 34-35 (describing claims raised on state habeas).)

Because Respondent has not yet filed a responsive pleading, Petitioner is entitled to amend his Petition once as a matter of right. See Fed.R.Civ.P. 15(a)(1)(B); Morrison v. Mahoney, 399 F.3d 1042, 1046 (9th Cir. 2005) (holding that a motion to dismiss is not a responsive pleading in a habeas action). Accordingly, the Court **GRANTS** Petitioner leave to file a First Amended Petition **on or before August 31, 2018**, which must include all exhausted claims he wishes to pursue in this action. If Petitioner fails to file a First Amended Petition by that date, this matter will proceed on the Original Petition.

If Respondent contends the Original Petition or First Amended Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief, or is barred by the statute of limitations, or subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent must file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **October 1, 2018**. The motion to dismiss must not address the merits of Petitioner's claims, but rather must address all grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1] At the time the motion to dismiss is filed, Respondent must lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is not required for the motion to dismiss.

If Respondent files a motion to dismiss, Petitioner must file his opposition, if any, to the motion no later than **November 1, 2018**. At the time the opposition is filed,

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition or First Amended Petition, the motion to dismiss must also specify the state remedies still available to Petitioner.

Petitioner must lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

Unless the Court orders otherwise, Respondent must not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

If Respondent does not contend that the Original Petition or First Amended Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent must file and serve an answer, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **October 1, 2018**. At the time the answer is filed, Respondent must lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments must be accompanied by a notice of lodgment which must be captioned "**<u>Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office</u>**." Respondent must not combine separate pleadings, orders or other items into a combined lodgment entry. Each item must be numbered separately and sequentially.

Petitioner may file a traverse to matters raised in the answer no later than **November 1, 2018**. Any traverse by Petitioner (a) must state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) must be limited to facts or arguments responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the Original Petition, or in the First Amended Petition if he files one. Grounds for relief withheld until the traverse will not be considered. No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

A request by a party for an extension of time within which to file any of the pleadings required by this Order must be made at least seven (7) days in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

///

Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

Petitioner must immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

The Clerk of Court shall send Petitioner a blank Southern District of California amended habeas petition form along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: 7/24/2018

Hon. Barbara L. Major
United States Magistrate Judge