UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY BOGARIN, | Case No.: 16cv2793-BTM (BLM) |
|---|---|
| Petitioner, | **ORDER DENYING PETITIONER'S SECOND MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| S. HATTON, Warden, | |
| Respondent. | **[ECF No. 27]** |

On July 12, 2018, the Court accepted on discrepancy a motion filed by Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, requesting this Court to appoint counsel. ECF No. 27. Having considered Petitioner's motion and the applicable law, the motion is **DENIED WITHOUT PREJUDICE** for the reasons set forth below.

In support of his motion, Petitioner alleges that he (1) reads "barely above" a fourth grade level, (2) has "borderline intellectual function," and (3) may have other undiagnosed learning and cognitive disabilities. Id. at 1. Petitioner also states that he is dependent upon finding a literate inmate to assist him. Id. at 2. Petitioner claims that his "educational and cognitive limitations leave him unable to utilize a law library and California does not provide 'persons trained in the law'" and cites to Bounds v. Smith, 430 U.S. 817 (1977). ECF No. 27 at 2 (citing Bounds, 430 U.S. at 828 (requiring prison authorities to provide prisoners "with adequate law libraries or adequate assistance from persons trained in the law")).

Petitioner included with his motion a psychological evaluation by a licensed psychologist conducted in December 2014 [ECF No. 27 at 4-11] and a page titled "TABE Test Details" indicating that it was taken on October 17, 2017 [ECF No. 27 at 12]. The psychological evaluation included, *inter alia*, the following information: (1) Petitioner was able to "easily understand the verbally presented instructions" [ECF No. 27 at 5]; (2) Petitioner reported that he quit school after attending one day of the ninth grade [ECF No. 27 at 6]; (3) a "screening measure" was administered "to obtain an estimate of [Petitioner's] intellectual and cognitive functioning," and it showed "borderline intellectual function" [ECF No. 27 at 8-9], and (4) Petitioner "has likely experienced low levels of both depressions and anxiety throughout his life" [ECF No. 27 at 11]. The TABE Test Details includes a chart indicating that a reading subtest showed a "Level and Form" of "M9" and a Grade Equivalent of 04.4. Id. at 12.

**Right to Counsel**

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Habeas Corpus Res. Ctr. v. U.S. Dep't of Justice, 816 F.3d 1241, 1244 (9th Cir. 2016) (noting that there is no federal constitutional right to appointment of counsel in postconviction collateral attacks on a conviction or sentence in state or federal court). However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing 18 U.S.C. § 3006A(a)(2)(B)); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." (citations omitted)). Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary. Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986) (citing Rules Governing § 2254 Cases, Rule 8, 28 U.S.C.A. foll. § 2254); Jernigan v. Edward, No. 15cv2793-BTM (RBB), 2016 WL 3220089, at *1 (S.D. Cal. June 10, 2016).

The court's discretion to appoint counsel for indigent persons under 28 U.S.C. § 1915(e)(1) may be exercised only in "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted). A finding of exceptional circumstances demands "at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

**Competency**

In Allen v. Calderon, 408 F.3d 1150 (9th Cir. 2005), the Ninth Circuit Court of Appeals explained that a district court must hold a competency hearing "when substantial evidence of incompetence is presented." Allen, 408 F.3d at 1153. If a competency hearing is warranted, the Court may appoint counsel for the limited purpose of representing the petitioner at the competency hearing. Id. (citing Rule 8(c) of the Rules Governing Section 2254 Cases ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under [18 U.S.C. § 3006A].")). In determining whether Petitioner has presented "substantial evidence of incompetence," the Court may consider any appropriate evidence including sworn declarations by Petitioner or other inmates, sworn declarations or letters from treating or prison psychiatrists or psychologist, and relevant medical records. Allen, 408 F.3d at 1151-53.

**Discussion**

First, the Court finds that Petitioner has not presented the required exceptional circumstances for appointment of counsel. Thus far, Petitioner has drafted and submitted several documents without the assistance of legal counsel. In addition to the instant motion, Petition has submitted the original petition for writ of habeas corpus [ECF No. 1], a previous motion for appointment of counsel [ECF No. 2], motion for leave to proceed *in forma pauperis* [ECF No. 5], motion for extension of time to file an opposition to motion to dismiss [ECF No. 12], an opposition brief to Respondent's motion to dismiss for lack of exhaustion [ECF No. 15], an opposition to the Report and Recommendation and motion for stay and

3

16cv2793-BTM (BLM)

abeyance [ECF No. 20], motion to lift stay and abeyance and resume case [ECF No. 25], and an amended petition for writ of habeas corpus [ECF No. 29]. From the Court's review of these documents, Petitioner shows he has a sufficient grasp of his case and the legal issues involved and is able to articulate the grounds for his petition.[1] The Court also finds that at this stage in the proceedings, when Respondent has not yet filed a response to the amended petition, Petitioner has not demonstrated a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance[]." See Agyeman, 390 F.3d at 1103.

Second, the Court does not find that the interests of justice require appointment of counsel. The Court notes that Petitioner has filed an amended petition arguing the following grounds for relief: (1) insufficient evidence to support Petitioner's attempted burglary conviction, (2) denial of due process by admission of Petitioner's prior convictions of burglary on the issue of his intent where the defense admitted intent, and (3) ineffective assistance of counsel at trial. ECF No. 29 at 8-20. A district court is required to construe a petition filed by a *pro se* litigant more liberally than a petition drafted by counsel. Knaubert, 791 F.2d at 729. "The district court must scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient." Id. (citations omitted). Here, Petitioner has already presented claims in his first amended petition that the Court will be able to properly resolve by reviewing the state court record independently, and the "*additional* assistance provided by attorneys, while significant, is not compelling." See id.; Redd v. Trimble, No. 11-cv-1275 LAB (WMc), 2011 WL 3844114, at *3 (S.D. Cal. Aug. 30, 2011); Hammond v. Almager, No. 08cv1051 JM (NLS), 2008 WL 4279417, at *2 (S.D. Cal. Sept. 16, 2008).

Additionally, Petitioner's claims that his "educational and cognitive limitations leave him unable to utilize a law library and California does not provide 'persons trained in the law'" do not

---

[1] Petitioner's reliance on another inmate for assistance in drafting his petition does not alter this analysis. See Montano v. Solomon, No. 2:07-CV-0800 KJN P, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010) (denying indigent plaintiff's motion for appointment of counsel as failing to present an exceptional circumstance under 28 U.S.C. § 1915(e)(1) where "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case . . . as well as the matters now before the court").

support a finding that the interests of justice require the appointment of counsel.[2] See Marlow v. Frakes, No. C09-5455 RJB/KLS, 2010 WL 3786862, at *14 (W.D. Wash. Aug. 16, 2010), report and recommendation adopted, No. C09-5455 RJB/KLS, 2010 WL 3786804 (W.D. Wash. Sept. 23, 2010) (denying motion for appointment of counsel based on petitioner's claims that he is "uneducated, illiterate and must rely on a reader/writer who is not trained in the law" because petitioner was able to file appropriate papers to articulate his claims). As discussed above, Petitioner has adequately articulated his claims and set forth other legal arguments.

To the extent that Petitioner is requesting the appointment of counsel due to a mental illness or disability, Petitioner has not submitted the required "substantial evidence" of incompetence to warrant a competency hearing. Petitioner's TABE test results and four-year old psychological evaluation do not support a finding that Petitioner's depression, anxiety, borderline intellectual functioning screening result, and level of literacy prevent him from understanding and responding to court orders. Additionally, the Court's review of Petitioner's filings in this matter does not support such a position. As stated above, Petitioner has already filed a first amended petition sufficiently articulating his grounds for relief. Accordingly, the Court finds there is no basis for a competency hearing and therefore no need to appoint counsel to participate in that hearing. See Farley v. Kernan, No. 16cv188 LAB (BGS), 2017 WL 412259, at *4 (finding lack of substantial evidence to warrant a competency hearing where petitioner's medical records do not indicate he is unable to comprehend the proceedings or appropriately respond to the court, and petitioner's filings show evidence of the ability to comprehend and respond appropriately).

---

[2] Petitioner's citation to Bounds v. Smith, 430 U.S. 817 (1977), is unavailing. ECF No. 27 at 2. The Ninth Circuit noted that Bounds "does not create an absolute right of counsel for habeas petitioners," but instead "requires only that meaningful access to the courts be assured." Knaubert, 791 F.2d at 728 n.5. Unlike the situation in Bounds, Petitioner does not argue that a law library is unavailable. See Bounds, 430 U.S. at 818. "Right of access" to the courts in the context of Bounds is not at issue here and is not the standard for determining a motion for appointment of counsel. See Knaubert, 791 F.2d at 728 & n.5.

Because the Court finds that Petitioner has not alleged the requisite "exceptional circumstances" nor established that the interests of justice require appointment of counsel, the Court **DENIES** without prejudice Petitioner's motion for appointment of counsel. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir.1987) (finding that district court did not abuse its discretion in declining to appoint habeas counsel where district court pleadings showed that petitioner understood the issues and was able to present his contentions); Knaubert, 791 F.2d at 729-30 (finding district court did not abuse its discretion in declining to appoint habeas counsel where no evidentiary hearing was necessary).

**IT IS SO ORDERED**.

Dated: 10/18/2018

Hon. Barbara L. Major
United States Magistrate Judge