# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOGARIN,<br><br>　　　　　　　　　　　　Petitioner,<br><br>v.<br><br>S. HATTON, Warden, et al.,<br><br>　　　　　　　　　　　　Respondents. | Case No.: 16cv2793-BTM (MSB)<br><br>**ORDER:**<br><br>**(1) ADOPTING THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**<br><br>**(2) OVERRULING PETITIONER'S OBJECTIONS;**<br><br>**(3) DENYING PETITION FOR A WRIT OF HABEAS CORPUS; and**<br><br>**(4) ISSUING A CERTIFICATE OF APPEALABILITY AS TO ALL CLAIMS** |

　　　　Petitioner Anthony Bogarin is a state prisoner proceeding pro se and in forma pauperis with a First Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 29.) He challenges his San Diego County Superior Court conviction of attempted first degree burglary for which he was sentenced to 35 years to life in prison, enhanced by two prior burglary convictions. (<u>Id.</u> at 1-2.) He claims insufficient evidence

supports the element of attempted burglary requiring a direct but ineffective step toward the commission of a burglary (claim one), the admission of his two prior burglary convictions to show intent unfairly portrayed him as a bad person with a criminal disposition and were irrelevant since the defense conceded intent (claim two), and defense counsel was ineffective in conceding intent, presenting a legally invalid defense, and forgoing a viable defense (claim three).  (Id. at 6-20.)

Respondent answers that the state court adjudication of claims one and two is neither contrary to, nor an unreasonable application of, clearly established federal law, nor based on an unreasonable determination of the facts, and that although state court remedies are not exhausted as to claim three it fails on the merits.  (ECF No. 42 at 13-22.)  Petitioner replies in his Traverse that he properly exhausted state court remedies as to claim three and requests an evidentiary hearing.  (ECF No. 47 at 6-19.)

United States Magistrate Judge Michael S. Berg has filed a Report and Recommendation ("R&R") finding that claim three is exhausted and an evidentiary hearing is unwarranted, and recommending federal habeas relief be denied because the state court adjudication of all three claims is neither contrary to, nor an unreasonable application of, clearly established federal law nor based on an unreasonable determination of the facts.  (ECF No. 48.)  Petitioner has filed Objections to the R&R contending that the denial of habeas relief on the merits of his claims is fundamentally unfair, repeating his request for an evidentiary hearing, and requesting a Certificate of Appealability.  (ECF No. 50.)

The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).  Having conducted a de novo review of the R&R, the Court **ADOPTS** the Magistrate Judge's findings and conclusions in full, **OVERRULES** Petitioner's

Objections, **DENIES** the First Amended Petition for a Writ of Habeas Corpus, and **ISSUES** a Certificate of Appealability as to all claims.

As recounted in the R&R, the evidence showed that Petitioner knocked and rang the doorbell of a house about 25 times, jiggled the door knob and pushed against the door, and walked to the side of the house where he moved trash cans from in front of a gate leading into the backyard, which frightened the sole occupant at the time, Christina Galvan, into calling the police. (ECF No. 48 at 3-4.) The police encountered Petitioner, who matched Galvan's description, riding a bicycle about a block away, who told them he was looking for work and had only knocked once on the door. (Id.) Despite defense counsel's pre-trial offer to concede Petitioner initially harbored the intent to burglarize the house but did not take a direct step toward a burglary, and despite defense counsel's opening statement that "intent is not the issue," the prosecutor was allowed to introduce evidence of two prior burglary convictions which the jury was instructed and reminded by both attorneys could only be considered for their similarities to the instant crime to show intent to commit burglary. (Id. at 5, 24.) The victim of the first prior testified she and her six-year old daughter were home when a man rang the doorbell at least 12 times, knocked on the door at least five times, and repeatedly jumped up to look through the window on top of her door, and that she and her daughter hid underneath a car in the garage and called the police. (Id. at 5.) Petitioner was arrested inside the house, which he had tried to enter by breaking a bathroom window while standing on garbage cans before climbing over a gate into the backyard and entering through a sliding door. (Id.) The second prior involved a man who returned home to find broken glass on the floor and Petitioner inside his house. (Id.)

The prosecutor argued that Petitioner's acts of attempting to ascertain whether the house was occupied by knocking and ringing the doorbell, attempting to force his way through the front door, and attempting to enter the backyard by moving the trash cans away from the gate, were direct steps toward a burglary. (Id. at 5-6.) Defense counsel argued in closing that Petitioner "at least at some point was intending to do something, intending to do something against the law, but he did not follow through, and therefore he is not guilty

of attempted burglary," and argued that unlike his prior offenses he did not jump a gate, break a window, enter the backyard or the house, and knocking on a door and ringing a doorbell is at best an indication of planning or intent, not a direct step toward a burglary. (Id. at 6.) Counsel argued that even if Petitioner initially intended to burglarize the house as he had done in the past, he changed his mind and left freely and voluntarily before he committed a direct step towards a burglary. (Id.)

Petitioner claims here that insufficient evidence was presented to support an element of attempted burglary (requiring proof beyond a reasonable doubt that he took a direct but ineffective step toward the commission of a burglary which would ordinarily result in a completed crime unless interrupted), arguing that the evidence showed he abandoned any burglary attempt independent of any outside influence or occurrence prior to committing a direct step (claim one), he was denied due process by the introduction of evidence of his two prior burglary convictions because they were only relevant to intent which the defense conceded and therefore unfairly showed he was bad person with a criminal disposition (claim two), and he received ineffective assistance of counsel due to defense counsel: (a) presenting a nonviable defense of conceding he approached the house with the intent of burglarizing and abandoning the attempt before taking a direct but ineffective step toward committing a burglary, which (in contrast to his argument in claim one), amounted to a concession of guilt due to the strong evidence he took a direct step, and (b) failed to argue he was in the neighborhood with a work crew all week and had knocked on the door believing he was reporting for work (claim three). (ECF No. 29 at 6-20.)

The state appellate court opinion, the last reasoned state court decision as to claims one and two, states:

> The evidence supports findings Bogarin approached Galvan's house and, over a period of five minutes, rang its doorbell about 25 times, repeatedly knocked on the front door, jiggled the doorknob, and leaned or pushed into the door with his shoulder about four times. The evidence also supports a finding Bogarin then went to the side of the house and moved two trash cans that were positioned directly in front of a locked gate before leaving the premises. The jury could reasonably infer Bogarin had the specific intent to

burglarize Galvan's house when he approached it. It could also reasonably infer that he committed direct but ineffectual acts toward the commission of that burglary when he presumably attempted to ascertain whether anyone was home by repeatedly ringing the doorbell and knocking on the front door, jiggled the doorknob and leaned or pushed into the door with his shoulder in an unsuccessful attempt to open the door, and moved the two trash cans in front of the side gate in an unsuccessful attempt to enter the backyard through the gate, which he discovered was locked. Considering the evidence and inferences therefrom favorably to support the jury's verdict, we conclude the jury reasonably found Bogarin committed direct but ineffectual acts toward the commission of a burglary of Galvan's house. The jury could reasonably find, contrary to Bogarin's assertion, that his acts were more than mere preparation for a burglary of Galvan's house.

Bogarin also argues the evidence is insufficient to support a finding he took a direct step toward the commission of a burglary because there is no evidence his completion of the burglary was prevented by an extraneous or outside influence or circumstance (e.g., a discovery or being frightened off by anyone) and instead supports only an inference he voluntarily abandoned his plan to burglarize Galvan's house before committing any direct step toward its commission. However, as stated above, voluntary abandonment after a direct step toward commission of a burglary is not a defense to a charge of attempted burglary. (*Dillon*, supra, 34 Cal.3d at pp. 454-455.) In any event, the jury could reasonably infer Bogarin voluntarily abandoned his efforts to burglarize Galvan's house because his attempt was frustrated by the locked front door and then the locked side gate.

(ECF No. 11-10, Lodgment No. 8, People v. Bogarin, No. D067390, slip op. at 4-9.)

With respect to claim two, the appellate court found:

Based on our review of the record, we conclude Bogarin probably would not have obtained a more favorable verdict had the evidence of his two prior burglaries been excluded. In his counsel's opening statement and closing argument, the element of specific intent was, in effect, conceded. On the charge of attempted burglary, the crux of the case therefore was whether he took any direct but ineffectual step toward the commission of a burglary. The jury heard the testimony of Galvan and her father, which provided strong proof that Bogarin's actions at Galvan's house were not merely in preparation for a burglary, but instead were direct steps toward the commission of a burglary. The jury could reasonably infer Bogarin repeatedly rang the doorbell and knocked on the door to ascertain whether anyone was inside the house. The jury could further reasonably infer he jiggled the doorknob and

pushed or leaned against the door four times in an attempt to break into the house. The jury could also reasonably infer that when he was unsuccessful in doing so, he went around the side of the house and moved the two trash cans in an attempt to access the backyard and house through the side gate, but abandoned his attempt to burglarize the house after finding the gate was locked. It is unlikely the evidence of Bogarin's two prior burglaries would have changed the jury's inferences regarding his actions in the instant case. Alternatively stated, it is highly unlikely the jury would instead have inferred all of those actions by Bogarin were merely in preparation for, and not direct steps toward, the commission of a burglary. We conclude any error by the court in admitting the evidence of his two prior burglaries was not prejudicial and does not require reversal of his conviction of attempted burglary. (*People v. Rivera*, *supra*, 41 Cal.3d at p. 393; *People v. Watson*, *supra*, 46 Cal.2d at p. 836.)

(ECF No. 11-10, Lodgment No. 8, People v. Bogarin, No. D067390, slip op. at 9-17.)

The Magistrate Judge correctly found that Petitioner had failed to satisfy the provisions of 28 U.S.C. § 2254(d) with respect to the state appellate court adjudication of claim one because that adjudication is consistent with Jackson v. Virginia, 443 U.S. 307, 324 (1979) (holding that federal habeas petitioners bear a heavy burden of demonstrating the evidence is so lacking that no rational trier of fact would convict), and was not based on an unreasonable determination of the facts. (ECF No. 48 at 9-15.) The Magistrate Judge also correctly found Petitioner could not satisfy 28 U.S.C. § 2254(d)(1) with respect to claim two because there is no clearly established federal law regarding the admission of propensity evidence, and that he did not satisfy 28 U.S.C. § 2254(d)(2) because the factual findings of the state court were objectively reasonable, but even if he could satisfy either provision he had not established a federal constitutional violation because the admission of his prior burglary convictions was not fundamentally unfair since the jury was instructed and repeatedly reminded they were only relevant to the issue of intent to commit burglary, which was conceded by the defense and established by other evidence, and because defense counsel used them to support a defense that his current actions were so unlike his prior burglaries that he had abandoned his burglary attempt in this case prior to making a direct act toward a burglary. (Id. at 15-25.) The objections to claims one and two are overruled.

With respect to claim three, ineffective assistance of counsel for presenting a defense conceding Petitioner approached the house with the intent to burglarize it but contending he abandoned the effort prior to taking a direct step towards a burglary, and failing to argue he approached the house looking for work, the Court adopts the findings and conclusions of the Magistrate Judge that this claim is exhausted and that defense counsel's strategy amounted to an informed trial tactic precluding federal habeas relief under 28 U.S.C. § 2254(d). (ECF No. 48 at 30-35.) Petitioner argues in his Objections that denial of this claim is fundamentally unfair because counsel should have presented a defense that he knocked on the door looking for work rather than conceding he intended to burglarize the house but eventually abandoned the attempt. (ECF No. 50 at 8-12.) In light of the contrast between his statement to the police when he was initially contacted that he only knocked on the door once, and the occupant's testimony that he knocked and rang the doorbell 25 times each before walking around to the side of the house, which itself is strong evidence of intent to burglarize, he has not overcome his heavy burden of demonstrating that informed, tactical decisions by counsel of this nature are virtually unassailable. See Strickland v. Washington, 466 U.S. 668, 689 (1984). The Court overrules Petitioner's objections and denies habeas relief as to claim three for the reasons set forth in the R&R.

The Magistrate Judge correctly found that an evidentiary hearing is not warranted because Petitioner's claims can be denied without further development of the record. (ECF No. 48 at 35.) Petitioner asserts in his Objections that an evidentiary hearing may be in order if he has presented a viable claim. (ECF No. 50 at 12.) The Court overrules Petitioner's objection in this regard and declines to hold an evidentiary hearing for the reasons set forth in the R&R.

Finally, Petitioner states that "his issues may warrant further inquiry, and reasonable jurists could debate whether he has made a case for further proceedings." (Id.) The Court construes this as a request for a Certificate of Appealability. "[T]he only question [in determining whether to grant a Certificate of Appealability] is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 580 U.S. ___, 137 S.Ct. 759, 773 (2017). The standard required for granting a Certificate of Appealability is "relatively low," and "[t]he Court must resolve any doubts regarding the propriety of a COA in the petitioner's favor." Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002). The Court issues a Certificate of Appealability as to all claims.

## CONCLUSION AND ORDER

The Court **ADOPTS** the findings and conclusions of the Magistrate Judge in full, **OVERRULES** Petitioner's Objections, **DENIES** the First Amended Petition for a Writ of Habeas Corpus for the reasons set forth in the R&R, and **ISSUES** a Certificate of Appealability as to all claims in the First Amended Petition.

Dated: June 22, 2020

Honorable Barry Ted Moskowitz
United States District Judge